IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LO MOR, #A-097530694, | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:20-cv-1215-L-BN |
| IMMIGRATION AND CUSTOMS ENFORCEMENT, ET AL., | § § § § | |
| Respondents. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Lo Mor, then detained by immigration officials pending his removal from the United States, filed a *pro se* 28 U.S.C. § 2241 habeas petition, challenging his ongoing detention and requesting that he be released under an order of supervision. *See* Dkt. No. 3. This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay.

The government filed a court-ordered response to the petition, *see* Dkt. Nos. 7 & 8; *see also* Dkt. No. 4. Mor replied. *See* Dkt. No. 9. And, on September 1, 2020, the government notified the Court that,

> after Mor filed the underlying petition, ICE released him to the state of Texas to resolve his state charges on August 30, 2020. The state of Texas released Mor on bond and did not transfer him back to ICE custody. Mor paid his bond and is no longer in custody. ICE has decided not to take Mor back into custody.

Dkt. No. 10 (citations omitted).

Based on these developments, the government contends that this case should be dismissed as moot. *See generally id.*

"Standing is a judicially-developed doctrine designed to ensure an Article III court is presented by parties before it with an actual case or controversy." *Ruiz v. Estelle*, 161 F.3d 814, 829 (5th Cir. 1998); *see* U.S. CONST. art. III, § 2 (limiting the jurisdiction of federal courts to "cases" and "controversies"). "To establish standing, a party must allege a 'personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'" *Ruiz*, 161 F.3d at 829 (quoting *Allen v. Wright*, 468 U.S. 737 (1984)).

"An 'actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.' A case becomes moot if an event occurs during the pendency of the action 'that makes it impossible for the court to grant any effectual relief whatever to a prevailing party.'" *Carbajal v. Holder*, 43 F. Supp. 3d 1184, 1189 (D. Colo. 2014) (quoting, respectively, *Alvarez v. Smith*, 558 U.S. 87, 92 (2009), and *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992)); *see also Sylla v. Gonzalez*, No. Civ. A. 05-1442, 2006 WL 1687801, at *1 (W.D. La. Apr. 26, 2006) (noting that a case can become "'moot where, as a result of intervening circumstances, there are no longer adverse parties with sufficient legal interest to maintain the litigation'" and "'when the parties lack a legally cognizable interest in the outcome'" (quoting *Chevron, U.S.A., Inc. v. Traillour Oil Co.*, 987 F.2d 1138, 1153 (5th Cir. 1993))).

And, "since a moot case presents no 'case or controversy,' a constitutional

prerequisite to [its] exercise of power," a court may act sua sponte to address mootness concerns. *Hogan v. Miss. Univ. for Women*, 646 F.2d 1116, 1117 n.1 (5th Cir. Unit A June 1981) (citations omitted).

Mor has obtained the relief that he seeks through his habeas petition – his release from detention pending removal. *Compare* Dkt. No. 3, *with* Dkt. No. 10. His petition is therefore moot. *See Sylla*, 2006 WL 1687801, at *1 ("Sylla obtained his only requested relief, release from detention pending his removal from the United States, therefore his petition for habeas relief ... is moot."); *see also Sanchez v. Attorney Gen., U.S.*, 146 F. App'x 547, 549 (3d Cir. 2005) (per curiam) (While on appeal, "Sanchez was released from immigration custody pending his removal from the United States, according to a letter submitted to this Court by the U.S. Attorney after the appellees' brief was filed.... In view of this development we conclude that the appeal is moot. In his habeas petition, Sanchez sought release from detention. He has achieved that result.... The action of the Department of Homeland Security has forestalled any occasion for this Court to provide meaningful relief." (citations omitted)).

## Recommendation

The Court should dismiss this action as moot.

And any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the

magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 2, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE